IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEANNE MARIE WELLS,<br><br>Defendant. | CR 12-82-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Deanna Marie Wells (Wells) has been accused of violating the conditions of her supervised release. Wells admitted all of the alleged violations, except one. Wells's supervised release should be revoked. Wells should be placed in custody for 4 months, with 26 months of supervised release to follow. Wells should serve the first 60 days of supervised release at Passages treatment center in Billings, Montana.

## II. Status

Wells pleaded guilty to Distribution of Methamphetamine on December 12, 2012. (Doc. 61). The Court sentenced Wells to 64 months of custody, followed by

4 years of supervised release.  (Doc. 118).  Wells's term of supervised release began on March 7, 2017.  (Doc. 277 at 2).

### Petition

The United States Probation Office filed a Petition requesting that the Court revoke Wells's supervised release on February 25, 2019.  (Doc. 277).  The Petition alleged that Wells violated the conditions of her supervised release: 1) by failing to notify her probation officer of a change in employment status; 2) by using a controlled substance; and 3) by failing to report for substance abuse testing.

### Initial appearance

Wells appeared before the undersigned for her initial appearance on March 5, 2019.  Wells was represented by counsel.  Wells stated that she had read the petition and that she understood the allegations.  Wells waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on March 5, 2019.  Wells admitted that she had violated the conditions of his supervised release: 1) by failing to notify her probation officer of a change in employment status; and 2) by using a controlled substance.  Wells did not admit alleged Violation No. 3.  The

government did not attempt to prove alleged Violation No. 3. The admitted violations are serious and warrant revocation of Wells's supervised release.

Wells's violations are Grade C violations. Wells's criminal history category is I. Wells's underlying offense is a Class B felony. Wells could be incarcerated for up to 36 months. She could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Wells's supervised release should be revoked. Wells should be incarcerated for 4 months, with 26 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The supervised release conditions imposed previously should be continued.

### IV.  Conclusion

The Court informed Wells that the above sentence would be recommended to Judge Morris. The Court also informed Wells of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Wells that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. The Court also informed Wells of her right to

allocute before Judge Morris.

The Court **FINDS:**

>Deanna Marie Wells violated the conditions of her supervised release by failing to notify her probation officer of a change in employment status, and by using a controlled substance.

The Court **RECOMMENDS:**

>The District Court should revoke Wells's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 4 months, with 26 months of supervised release to follow. Wells should serve the first 60 days of supervised release at Passages treatment center in Billings, Montana.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and

may waive the right to appear and allocute before a district court judge.

Dated this 6th day of March, 2019.

John Johnston
United States Magistrate Judge