# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEANNE MARIE WELLS,<br><br>Defendant. | CR 12-82-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Deanna Marie Wells (Wells) has been accused of violating the conditions of her supervised release. Wells admitted all of the alleged violations, except alleged violation 8. The Court dismissed alleged violation 8 on the government's motion. Wells's supervised release should be revoked. Wells should be placed in custody for 6 months, with 20 months of supervised release to follow. The District Court should consider terminating Wells's supervised release if she completes 12 continuous months of supervised release without a violation.

## II. Status

Wells pleaded guilty to Distribution of Methamphetamine on December 12, 2012. (Doc. 61). The Court sentenced Wells to 64 months of custody, followed by 4 years of supervised release. (Doc. 118). Wells's current term of supervised

release began on June 26, 2019.  (Doc. 295 at 2).

**Petition**

The United States Probation Office filed an Amended Petition requesting that the Court revoke Wells's supervised release on October 29, 2020. (Doc. 295).  The Amended Petition alleged that Wells violated the conditions of her supervised release: 1) by failing to follow the instructions of her probation officer; 2) by using methamphetamine; 3) by knowingly interacting with a convicted felon without the prior approval of her probation officer; 4) by failing to answer truthfully questions asked by her probation officer; 5) by failing to participate in substance abuse testing; and 6) by failing to follow the instructions of her physician when taking gabapentin.

**Initial appearance**

Wells appeared before the undersigned for her initial appearance on December 15, 2020.  Wells was represented by counsel.  Wells stated that she had read the petition and that she understood the allegations.  Wells waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on December 15, 2020. Wells admitted that she had violated the conditions of his supervised release: 1) by failing to follow the instructions of her probation officer; 2) by using methamphetamine; 3) by knowingly interacting with a convicted felon without the prior approval of her probation officer; 4) by failing to answer truthfully questions asked by her probation officer; and 5) by failing to follow the instructions of her physician when taking gabapentin. The violations are serious and warrant revocation of Wells's supervised release.

Wells's violations are Grade C violations. Wells's criminal history category is I. Wells's underlying offense is a Class B felony. Wells could be incarcerated for up to 36 months. Wells could be ordered to remain on supervised release for up to 26 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Wells's supervised release should be revoked. Wells should be incarcerated for 6 months, with 20 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The District Court should consider terminating Wells's supervised release if she completes 12 continuous months of

3

supervised release without a violation.

## IV. Conclusion

The Court informed Wells that the above sentence would be recommended to Judge Morris. The Court also informed Wells of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Wells that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. The Court also informed Wells of her right to allocute before Judge Morris.

The Court **FINDS:**

> Deanna Marie Wells violated the conditions of her supervised release: by failing to follow the instructions of her probation officer; by using methamphetamine; by knowingly interacting with a convicted felon without the prior approval of her probation officer; by failing to answer truthfully questions asked by her probation officer; and by failing to follow the instructions of her physician when taking gabapentin.

The Court **RECOMMENDS:**

> The District Court should revoke Wells's supervised release and commit her to the custody of the United States Bureau of Prisons for 6 months, with 20 months of supervised release to follow. The District Court should consider terminating Wells's supervised release if she completes 12 continuous months of supervised release without a violation.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of December, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge